CALVET ET AL., PLAINTIFFS AND APPELLANTS, *v.* MARTIN ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for the Annulment of a Conveyance of Minors' Property.

No. 2330.—Decided June 21, 1921.

EJECTMENT —PLEADING —THIRD PERSON —COLORABLE TITLE—PRESCRIPTION. — A complaint in an action to recover real property does not state facts sufficient to show a cause of action when it appears therefrom that the present owners, the defendants, acquired the property from persons who appeared as its owners in the registry, according to article 33 of the Mortgage Law. It is not important that the father of the alleged true owners may have sold the property without a right to do so. His heirs can have no cause of action against a purchaser in good faith who, like the former owners, except the one who purchased directly from the father, acquired a colorable title sufficient for pleading ordinary prescription.

ID.—ID.—PRESCRIPTION.—Where the period of thirty years required for extraordinary prescription expired after the revised Civil Code went into effect in Porto Rico, that code and not the former Civil Code is applicable.

ID.—ID.—ID.—In accordance with section 468 of the Civil Code, the fact that a third person who purchased in good faith from a person who appeared as owner in the registry was temporarily dispossessed of the property by the person claiming to be the true owner does not destroy the right of ownership of such third person.

The facts are stated in the opinion.

*Mr. L. Montalvo Guenard* for the appellants.

*Mr. G. Rodríguez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Ponce sustained a demurrer to an amended complaint and as it was the third complaint presented rendered judgment against the complainants with costs. The appeal involves only the sufficiency of the complaint. It is, omitting unessential parts, as follows:

"The plaintiffs, by their attorney and by leave of the court, further amend their complaint in this action and allege: First: That about the year 1872 Críspula Anglada y Aponte died intestate while lawfully married to Juan José Calvet y Rodríguez, leaving five children had during her said marriage and named Eduardo Nemesio, Críspula Catalina, Ramón María, Juan José and María Monserrate Calvet y Anglada, who were subsequently declared to be her sole and universal intestate heirs, the four last named being the plaintiffs in this suit. Second: That shortly before her death, or about July 26, 1872, the aforesaid Críspula Anglada y Aponte purchased from José Dolores Valencia a rural property (describing it). And although the purchaser, Críspula Anglada y Aponte, was then married to said Juan José Calvet y Rodríguez, the lawful father of the plaintiffs, the said property was always her separate property because she purchased it with money belonging exclusively to her and obtained from the sale of certain lands inherited by her. Third: That upon the death of said Críspula Anglada y Aponte the said property passed to her said children and heirs. * * * Fourth: That on July 13, 1874, or about two years after the death of the said Críspula Anglada y Aponte, her widower, Juan José Calvet y Rodríguez, without previously obtaining the necessary judicial authorization and under a false showing that he was the owner thereof, sold the said property to Bernardo de León y Soto by a deed executed in Ponce, P. R., before notary Carlos Gavarín, the aforesaid legitimate children of the grantor, named Eduardo Nemesio, Críspula Catalina, Ramón María, Juan José and María Monserrate Calvet y Anglada, being then minors and the owners of the said property. The aforesaid Bernabé de León y Soto recorded in his name in the Registry of Property of Ponce, etc. * * * Fifth: That by a deed executed in Ponce, P. R., on January 3, 1882, before notary Francisco Parra, the said Bernabé de León y Soto conveyed the aforesaid property in

payment of a debt to Francisco Marín Lorenzo, who recorded it in his name in the said registry of property at folio 95, volume 4, of Juana Díaz, 3rd record.   (Then follows the mention of the sale of the property to various persons and the record of the same.)   Ninth: That in the deed of sale to the said property by Juan José Calvet y Rodríguez to Bernabé de León y Soto it was recited that it was bounded on the north by land of Simón Pierluisi and on the east by the Collores River, the same description appearing in the successive transfers.   Tenth: That about the month of November, 1895, the aforesaid Eduardo Nemesio Calvet y Anglada, in his own right and in behalf of his legitimate brothers and sisters, the plaintiffs herein, and with the purpose of taking possession of the property in question, recorded in the Registry of Property of Ponce, P. R., the deed whereby the deceased Críspula Anglada y Aponte had purchased the said property from José Dolores Valencia.—That about the month of January, 1898, the said Eduardo Nemesio Calvet y Anglada, acting in his own right and in behalf of his legitimate brothers and sisters, the plaintiffs herein, took physical possession of the property heretofore referred to and continued in such possession for a period of seventeen months during which time he gathered for himself and for the plaintiffs all of the products growing on the said property and exercised thereon all acts of ownership until the said Ruperto Martín Vázquez recovered it according to law.   Eleventh: That the plaintiffs have not sold the property described in this complaint, nor any part thereof, to Bernabé de León y Soto, nor to Francisco Martín y Lorenzo, nor to Gonzalo Carmona y Chinchilla, nor to Ruperto Martín y Vázquez, nor to any successors of these, nor to defendant Encarnación Martín y Vázquez, nor to any other person. Twelfth: That the said Eduardo Nemesio Calvet y Anglada having died, his legitimate brothers and sisters, the plaintiffs herein, inherited the part belonging to him in the property in question; that these plaintiffs are the only persons with right to the ownership, possession and enjoyment thereof, and that defendant Encarnación Martín y Vázquez, who is in possession of the property, refuses to deliver the same to the plaintiffs, notwithstanding their friendly demands to that effect.''   (Then describing fruits and products and concluding with appropriate prayers.)

Thence it appears that the present owners bought of per-

sons who appeared to own the land in accordance with section 33 of the Mortgage Law. It made no difference that the father of the alleged real owners sold the land without having a right to do so. The innocent purchaser is protected and the heirs had an action over against their father.

Likewise, each one of the successive owners, except the immediate purchaser from the father, acquired a just title and the defendants can use the possession of such owners to claim an ordinary prescription.

Extraordinary prescription ran in this case. Appellants say that this claim of prescription is improperly alleged, inasmuch as the rights were acquired under the previous Civil Code. But as the full thirty years only expired after the Code of 1902 went into effect, it is that Code that applies. Nor does it avail appellants that one of the complainants entered the land and collected the fruits for seventeen months. It was an illegal possession restored to Martín, the legal possessor, and it does not appear that complainants held as owners (*en concepto de dueños*). Section 468 of the Civil Code is applicable: It reads as follows:

"Any person who, according to law, recovers possession unlawfully lost, is considered to have held it uninterruptedly for all purposes which may redound to his benefit."

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.